JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SA CV 21-01499-DOC-JPR                                   Date:  November 12, 2021

Title: RICKEY M. GILLIAM ET AL. V. NATIONSTAR MORTGAGE, LLC ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER MOTION TO REMAND CASE TO STATE COURT [25]**

Before the Court is a Motion to Remand ("Motion" or "Mot.") (Dkt. 25) brought by Plaintiffs Rickey M. Gilliam and Barbara Gilliam ("Plaintiffs"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this case to the Orange County Superior Court.

**I.     Background**

The following facts are drawn from Plaintiffs' Second Amended Complaint ("SAC") (Dkt. 12-6). Plaintiff alleges that Defendants have participated in misrepresentations of the value of Plaintiffs' primary residence through deceptive appraisals, resulting in the foreclosure of Plaintiff's residence. *See generally* SAC.
    On August 11, 2021, Plaintiffs originally filed suit in the Orange County Superior Court. *See generally* SAC. On September 10, 2021, Defendants NATIONSTAR MORTGAGE, LLC, Mortgage Electronic Registration Systems, Inc. and HSBC Bank USA, National Association ("Defendants") removed the action to this Court, asserting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-01499-DOC-JPR                                              Date: November 12, 2021
                                                                                                                        Page 2

diversity jurisdiction. Notice of Removal (Dkt. 1). Plaintiffs filed their Motion to Remand on October 11, 2021. Defendants filed their Opposition ("Opp'n") (Dkt. 23) on October 18, 2021. On November 1, 2021, Plaintiffs replied ("Reply") (Dkt. 39).

**II.   Legal Standard**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* A plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-01499-DOC-JPR　　　　　　　　　　　　　　　　　　Date: November 12, 2021
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

　　　　A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

　　　　Courts resolve any doubts about removal in favor of remanding the case to state court. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) ("[F]ederal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance.'" (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

### III.　Discussion

　　　　Defendants argues that this Court has diversity jurisdiction in this action. *See generally* Notice of Removal. The Court disagrees.

　　　　Defendants argue that diversity exists because there is complete diversity. *Id.* at 3-7. Defendants come to this conclusion by excluding the citizenship of Defendants Jean H. Su, Debra T. Carroll, and Landsafe, Inc., who they argue are "fraudulently joined." *Id.* at 6. Plaintiffs argue that because those Defendants were included in the original summons and complaint, they can not be the basis of the removal. Mot. at 9.

　　　　The Court agrees with the Plaintiffs. For a timely removal, Defendants must base their removal on *new grounds*—that is, Defendants can not revive a basis for removal that was present in the original Complaint. *Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 691–92 (9th Cir. 2005) (stating that "the 'thirty day time period [for removal] ... starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction") (citations omitted).

　　　　Here, Individual Defendant Su is a California resident as are Plaintiffs, thus destroying complete diversity. Mot., Exhibit 1, 3, Declaration of Ronal Freshman ¶¶ 4, 6 (Dkt. 25). Defendants do not contest Defendant Su's California citizenship but instead argue that she was fraudulently joined and that even if the Court finds that she was not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-01499-DOC-JPR                                              Date: November 12, 2021
                                                                                              Page 4

fraudulently joined, that the Court treat her as a dispensable party and dismiss her from the action. Opp'n at 3.

Although moving Defendants claim that Defendants Su, Carroll, and Landsafe are fraudulently joined, those Defendants were all included as parties in both the First Amended Complaint *and* the original Summons and Complaint. First Amended Complaint. Exhibit filed by Defendants, First Amended Complaint ("FAC") (Dkt. 9-5); Exhibit filed by Defendants, Verified Complaint for Damages (Dkt.8-1). As such, if Defendants wanted to base their removal on the fraudulently joined Defendants, then they had to do so by within thirty days from their receipt of the original Complaint, which would have been February 11, 2021. As such, Defendants' instant removal is untimely.

Even if a court finds that there was not complete diversity at the time the notice of removal was filed, Rule 21 of the Federal Rules of Civil Procedure gives the Court the ability to dismiss a non-diverse party provided that she is not an indispensable party under Rule 19. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 572-73 (2004). Defendants ask that the Court exercise this discretion because "Plaintiffs served Su later than the other defendants and did not file proof of service with the court, did not serve discovery upon Su, and did not file a default against Su for failure to respond." Opp'n at 3. Defendants' arguments are largely unconvincing. Defendant Su has now been served, and Plaintiffs have not completed discovery on *any* Defendant and have up until 30 days before trial to complete such discovery. Mot. at 6. Accordingly, the Court will not exercise its discretion to dismiss Defendant Su from the action and finds that complete diversity does not exist in the present action.

**IV.    Disposition**

For the reasons set forth above, the Court hereby **REMANDS** this case to the Orange County Superior Court.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                              Initials of Deputy Clerk: kdu

CIVIL-GEN